IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**13-1261**

Name and address of Plaintiff: ~~LINNIE THOMPSON #010136~~ 11 HARDWOOD RD
~~SCI-CAMBRIDGE SPRINGS~~ PGH, PA. 15235
~~451 FULLERTON AVENUE, CAMBRIDGE SPRINGS, PA.~~
~~16403-1338~~

v.

Full name, title, and business address of each defendant in this action:

1. RANDAL B. TODD (INDIVIDUALLY)
   % COURT OF COMMON PLEAS
   CRIMINAL DIVISION, GRANT STREET, PGH, PA. 15219

2. COURT ADMINISTRATOR
   % COURT OF COMMON PLEAS
   FRICK BUILDING - GRANT STREET, PGH, PA. 15219

Use additional sheets, if necessary
Number each defendant.

Plaintiff brings this action against the above named and identified defendants on the following cause of action:

I. Where are you now confined? SCI-CAMBRIDGE SPRINGS

   What sentence are you serving? FINISHED SENTENCE - PAROLED 6-8-13

   What court imposed the sentence? COURT OF COMMON PLEAS OF ALLEGHENY COUNTY

II. Previous Lawsuits

   A. Describe any and all lawsuits in which you are a plaintiff which deal with the same facts involved in this action. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   1. Parties to this previous lawsuit

      Plaintiffs _____ N/A _____

      Defendants _____ N/A _____

   2. Court (if federal court, name the district; if state court, name the county) and docket number
      N/A

**RECEIVED**

AUG 30 2013

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

(3.) PRESIDENT JUDGE (INDIVIDUALLY)
c/o Court of Common Pleas
Criminal Division
Grant Street
Pittsburgh, PA. 15219

(4.) JOHN PITTMAN (INDIVIDUALLY)
c/o District Attorney's Office
Court of Common Pleas
Criminal Division
Grant Street
Pittsburgh, PA. 15219

(5.) STEVEN ZAPPALA, JR. (INDIVIDUALLY)
c/o District Attorney
Court of Common Pleas
Grant Street
Pittsburgh, PA. 15219

(6.) TODD F. HOLLIS (INDIVIDUALLY)
428 Forbes Avenue
Suite - 505
Pittsburgh, PA. 15219

3. Name of judge to whom case was assigned _Magistrate Judge, Maureen P. Kelly_

4. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?) _Writ of Habeas Corpus was Granted - Nothing Happened_

5. Approximate date of filing lawsuit _Was a Writ of Habeas Corpus_

6. Approximate date of disposition _Nothing Happened_

B. Prior disciplinary proceedings which deal with the same facts involved in this action:

   Where? _N/A_
   When? _N/A_
   Result: _____

III. What federal law do you claim was violated? _42 U.S.C. Section 1983; 1985; 1987; Plaintiff's Claims for Injunctive Relief; 28 U.S.C. Section 2283 & 2284_

IV. Statement of Claim

(State here as briefly as possible the **facts** of your case. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.)

A. Date of event: _2012; 2013_

B. Place of event: _Allegheny County_

C. Persons involved -- name each person and tell what that person did to you: _Randal Todd - Sentenced Lynne Thompson in the Court of Common Pleas - Full Well Knowing that Lynne was Not Represented By Counsel to Steal Monies. Todd Hollis signed to Enter in Appearance when Lou Coles had not withdrew. Randal Todd was aware by letter and phone calls Lynne did not want to be Represented By Todd Hollis._

(2.) Randal Todd Issued wrong paperwork to keep Lynne Nemain in Prison and Not Correcting Paperwork for Proper Credited Amount of Time, Using His Power for Abuse His Authority, with Malicious Abuse of Process.

(3.) Randal Todd Lied in the Petition for P.C.R.A. Stating that During Sentencing He Did Not Rely on the PSI, During Him Sentencing Lynne However He Did Use the PSI, Along with the Attorney Hollis, Just Stood There with Not Even Going Over Errors on the PSI; Along with Hollis was Not the Attorney of Record Creating Abuse of Power; Rights of Equal Protection A Right To Be Represented By Counsel.

(4.) A Post Sentence Motion was Filed with Having A Hearing Date, 4-13-12, Judge Todd Never Had This Hearing Denying Rights of Due Process.

(5.) Motions were Filed, Pro-Se Judge Todd, Never Answered Any Motions)

where he was removed from the bench for having criminal charges; his case(s) should have been re-assigned; but nothing happened and once again right to a fair trial; miscarriage of justice occurred.

(6.) Rights were denied to withdraw a plea according to Rules of Criminal Procedure - 591; Also Rule of Criminal Procedure Rule - 1306(B).

(7.) Bias and Prejudice(s) for After filing a Motion to Compel; to re Nothing was being done on the Motion(s) filed with Bias; Malice; Vindictiveness, Judge Todd issued an Order of July 9, 2012 to have Lynne sent to SCI-Muncy, After spending Thirteen Month(s) in Allegheny County Jail.

(8.) Commingling and Conspiracy with letter(s) from Todd Hollis where he was going to withdraw from the case that he was never appointed to, or had an appearance on for when he supposebly filed an appearance,

ON 9-28-12; the Attorney of Record, Lou Coles who was Appointed by Todd had not been Granted to withdraw; So therefore Hollis Committed Theft, Along with Fraud to Get Monies of Four thousand Dollars

(9.) Conspiracy with Todd Hollis and Randal Todd without Regards to Proper Proceedures of Duty of an Attorney According to Rule-120 (A)(B).

(10.) Randal Todd was Asked to Recuse Himself, Since Impartiality had Occured According to Rule-700.

(11.) Randal Todd was Found Guilty of DUI and Destreuction of Property and was Taken off the Bench. Nothing was Done with the In-Justices that were Created, Except Lynne Harrison was Unlawfully Held in Prison.

(12.) A Writ of Habeas Corpus was Filed and Granted, This was Swept Under the Rug where it Sabotaged.

(13) John Pittman went outside the guidelines to obtain a conviction, where he went outside county not within his district, filing charges not within his jurisdiction causing prosecutorial misconduct in order to get a conviction.

(14.) An Appeal was filed and Docketed in Superior Court as to where lower Court of Common Pleas was to transmit the Record. This Never Happened; Then Almost some three Month(s) later Randal Todd filed for a Concise Statement which was Out of Time, This Case Should have been Dismissed or Vacated; But Nothing was Done According to Procedure. This in itself was a Violation of Constitutional Rights Along with Rights to Fair Hearing; Due Access of Law.

_(CONT ON SEPARATE SHEET(S))_

V. Did the incident of which you complain occur in an institution or place of custody in this District? If so, where? **N/A**

and answer the following questions:

A. Is there a prisoner grievance procedure in this institution?
Yes ( ) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes ( ) No ( )

C. If your answer is YES,

1. What steps did you take? _____

2. What was the result? _____

D. If your answer is NO, explain why not: **THIS CIVIL RIGHTS ACTION IS DUE TO VIOLATIONS OF WRIT OF HABEAS CORPUS.**

E. If there is no prison grievance procedure in the institution, did you complain to prison authorities?
Yes ( ) No ( )

F. If your answer is YES,

1. What steps did you take? **N/A**

2. What was the result? _____

VI. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statues.

(1.) **VACATE THIS ILLEGAL SENTENCE, FORTHWITH.**
(2.) **DAMAGE(S) AWARDED** (CONT. ON SEPARATE SHEET OF PAPER)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

-2-

## Damage(s)

(3.) Intentional Infliction of Emotional Distress "In Excess of" Three Hundred Thousand Dollars.

(4.) Negligence - "In Excess of" Three Hundred Thousand Dollars.

(5.) Due Process - "In Excess of" Four Hundred Thousand Dollars.

(6.) Official Misconduct - "In Excess of" Two Hundred Thousand Dollars.

(7.) Colore of Law § 1983 - "In Excess of" Five Hundred Thousand Dollars.

(8.) False Imprisonment - "In Excess of" Five Hundred Thousand Dollars.

(9.) Punitive Damages - "In Excess of" Four Hundred Thousand Dollars.

- 3 -

(10.) Retaliation - "In Excess of" Three Hundred Thousand Dollars.

(11.) Pain and Suffering - "In Excess of Three Hundred Thousand Dollars"

Demand Trial By Jury, And Fore Whatever This Court Deems Just.

8-29-13
(Date)

_(Signature of Plaintiff)_